[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS (#102)
The defendant has filed a motion to dismiss this action on the ground that the court lacks jurisdiction due to insufficiency of process and insufficiency of service of process. Practice Book § 10-31
(a)(4)(5). Generally, process must be served either personally on a defendant or at the defendant's usual place of abode. General Statutes § Section 52-57 (a). However, in an action such as this one claiming personal injuries arising out of the alleged negligence in the operation of a motor vehicle, "if it is impossible to make service of process at the operator's last address on file with the Department of Motor Vehicles," General Statutes § 52-63 (b) permits service by mail at the last address and by serving the motor vehicle commissioner at least twelve days before the return date.
The defendant has submitted an affidavit in which he avers that he has not resided at the address listed on the police report, 55 Nantrin Terrace, Milford, Connecticut, either in February 2001 or at the time of the accident which was on March 15, 1999, but rather has resided at 208 Center Street in West Haven since some time prior to March 15, 1999. He also avers that he reported his change of address to the Department of Motor Vehicles prior to March 15, 1999. In opposition, the plaintiff relies on the police report dated March 15, 1999 which contains the Milford address and on the State Marshal's return which states that the marshal "made diligent search throughout [his] precincts to locate the . . . defendant . . . but was unable to locate defendant at the last known address on record at he office of the Commissioner of Motor Vehicles. . . ." The court credits the statements in the marshal's return.
Accordingly, the motion to dismiss is denied.
LINDA K. LAGER, JUDGE